UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MITCHELL COSMETICS SARL,           ) | |
|           Plaintiff,                              ) | |
| v.                                                       ) | Civil Action No. 04-1557 (RCL) |
| PRAMIL S.R.L. (ESAPHARMA),      ) | |
|           Defendant.                          ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the defendants' Motion [15] for judgment on the pleadings or alternatively for summary judgment. Upon consideration of the defendants' motion, the opposition thereto, the applicable law, and the entire record herein, the Court concludes that the defendants' motion will be granted. The Court agrees with the defendant's contention that the issues in the complaint were never plead administratively nor addressed by plaintiff and are not mentioned in the decision of the Board; and thus that these arguments are new, requiring that they be dismissed under Rule 12(c) in accordance with the governing legal standard. The Court's reasoning is set forth below.

## BACKGROUND

This is a suit to set aside defendant's opposition by the Trademark Trial and Appeal Board ("TTAB") of plaintiff's application for registration of a trademark. Plaintiff, Mitchell Cosmetics SARL, sought registration of a skin and body care product called "Regge Lemon." The defendant, Pramil S.R.L. (Esapharma), an Italian corporation, opposed Mitchell's

application, alleging that Pramil had continuously used the mark "Regge Lemon" for many different cosmetic products internationally and in the United States.

The TTAB found that defendant had began its use of "Regge Lemon" in April 1997 which was prior to plaintiff's constructive use date of September 20, 1999.  The TTAB concluded what the TTAB found to be the subsequent sales at retail show the bona fide use of a mark in the ordinary course of trade.  See 15 U.S.C. §1127.  Consequently, the TTAB found that the defendant in this case had shown by a preponderance of the evidence that it had a priority of use in the United States.

On September 9, 2004, plaintiff filed its complaint with this Court, seeking de novo review of the TTAB's administrative decision pursuant to 15 U.S.C. § 1071(b),.  Section 1071(b)(4) states that the United States District Court for the District of Columbia has jurisdiction where the defendants "reside in a plurality of districts not embraced within the same State . . . ." 15 U.S.C. § 1071(b)(4).  Thus, this Court's jurisdiction is proper.

In its complaint, plaintiff presents three issues supporting its request that the Court overturn the TTAB's decision.  It argues first that the importation and distribution of the defendant's product bearing the mark in the United States is prohibited as the defendant's product contains an unapproved new drug and thus cannot be legally sold under U.S. Food and Drug Administration rules and regulations.  See Compl. p. 2.  In the second cause of action, plaintiff argues that defendant has abandoned its use of the mark "Regge Lemon."  See id. Finally, plaintiff argues that defendant's exclusive agents in the United States agreed with plaintiff and others in principle for joint ownership of the mark "Regge Lemon" and that defendant wrongfully withheld its cooperation in executing the parties' agreements.  See id.

The defendant moved for judgment on the pleadings under the Federal Rile of Civil Procedure 12(c) or alternatively for summary judgment. Plaintiff responded by challenging the TTAB finding of a likelihood of confusion based on priority of use. Upon review of the pleadings, record and applicable law, the Court shall grant defendant's motion for judgment on the pleadings.

## DISCUSSION

Pramil S.R.L. bring its motion pursuant to 12(c) and Rule 56 of the Federal Rules of Civil Procedure. Because the Court herein grants the defendant's Rule 12(c) request for judgment on the pleadings, there is no need to address Rule 56. The appropriate standard for reviewing a motion for judgment on the pleadings is "virtually identical" to that applied to a motion to dismiss. See Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). Thus, as with a motion to dismiss, "the plaintiff enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint." Id. Furthermore, the moving party must show "that no material issue of fact remains to be solved, and that he or she is clearly entitled to judgment as a matter of law. " Id. at 1249, n. 11 (citing numerous cases).

Since this matter entails the review of a matter already addressed by the TTAB, the Court is also wary of the degree of deference it must extend to that administrative board's decisions. In this case, plaintiff challenges a TTAB decision in federal district court, and therefore the court's standard of review is a hybrid of deferential treatment and de novo scrutiny. See Material Supply Int'l, Inc. v. Sunmatch Indus. Co., 146 F.3d 983, 989-90 (D.C. Cir. 1998). "In deference to the TTAB's expertise "with trademark disputes," findings of fact made by the [TTAB] are given great weight and not upset unless new evidence is introduced which carries thorough

conviction." 146 F.3d at 990 (quoting 3 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS & UNFAIR COMPETITION § 21:21, at 21-26 (4th ed. 1997)).  Because "the district court is just as able as the TTAB to determine an issue of law," review of legal questions is de novo. Id.

In its motion for judgment on the pleadings, defendant argues that a party cannot raise an issue in the District Court that was not raised in the Patent Office proceedings, relying on Jones Company v. The Gilbert & Bennett Manufacturing Company, 332 F.2d 216 (2d Cir. 1964). Def.'s Mot., at 3.  This case correctly represents the governing law in this Court on this issue. Gold Seal Co. v. Weeks, 129 F. Supp. 928 (D.D.C. 1955).  In Gold Seal, the Court stated, "[w]e are satisfied that Congress did not intend, by setting up review in this court, to transfer the functions of the Patent Office to the District Court ....We will not pass upon those claims which have not first been considered on the merits by the Patent Office." 129 F. Supp 937(citing Lucke v. Coe, 69 F.2d 379 (D.C. Cir. 1934); Burrell Corp. v. Coe, 143 F.2d 372 (D.C. Cir. 1944)).  The Court agrees with defendant's argument.

The record of the proceedings before the TTAB shows that the issues of prohibited distribution, abandonment and wrongful withholding of cooperation in executing a joint ownership agreement were never plead nor addressed by the parties in their briefs and they are not mentioned in the TTAB's decision.  Thus all plaintiff's claims here are new issues that are outside the scope of this Court's review.  The governing law does not allow the Court to hear the entire trial testimony of the plaintiff for the first time when no testimony was presented before the TTAB concerning these issues.  To have a complete trial where all the evidence was being presented for the first time would also be improper since it is beyond the scope of review of the TTAB rulings that Congress established for this Court.

A separate order shall issue this date, granting defendant's motion and dismissing this case.

Date: _____
Royce C. Lamberth
United States District Judge